UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS VERNON HUDSON, | CASE NO. C21-5827JLR |
| Plaintiff, | ORDER |
| v. | |
| CHARLES W. SCHARF, et al., | |
| Defendant. | |

## I.  INTRODUCTION

Before the court is *pro se* Plaintiff Douglas Vernon Hudson's amended complaint against Defendants Charles W. Scharf, Chief Executive Officer of Wells Fargo Auto and Wells Fargo Bank, N.A. ("Wells Fargo"), and Don Fleming, Chief Executive Officer of Northwest Motorsports, Inc. ("Northwest Motorsports") (collectively, "Defendants"). (Am. Compl. (Dkt. # 9).)  The court exercises its authority under 28 U.S.C. § 1915(e) to determine whether Mr. Hudson's amended complaint states a claim for which relief can be granted.  *See* 28 U.S.C. § 1915(e); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.

2000) (clarifying that 28 U.S.C. § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). For the reasons discussed below, the court finds that the claims in Mr. Hudson's amended complaint are DISMISSED with prejudice in part and may proceed in part.

## II. BACKGROUND

This matter arises out of Mr. Hudson's purchase of a vehicle from Northwest Motorsports on or about February 25, 2019. (Am. Compl. ¶ 1.) Mr. Hudson purchased the vehicle with a loan issued by Northwest Motorsports, which was subsequently assigned to Wells Fargo. (*Id.* ¶ 7.)

On November 9, 2021, Mr. Hudson filed a motion to proceed *in forma pauperis* and a proposed complaint. (IFP Mot. (Dkt. # 1); Proposed Compl. (Dkt. # 1-1).) Magistrate Judge J. Richard Creatura granted Mr. Hudson's IFP application on December 22, 2021 but recommended that the court review his proposed complaint under 28 U.S.C. § 1915(e). (12/22/21 Order (Dkt. # 4).) Mr. Hudson's proposed complaint was subsequently filed on the docket and alleged that Defendants had committed a wide array of federal violations, including (1) Title 18 of the U.S. Code; (2) the Fourth Amendment to the United States Constitution; (3) House Joint Resolution 192; and (4) the Fair Debt Collection Practices Act ("FDCPA") and (5) the Truth in Lending Act ("TILA"). (*See* Compl. (Dkt. # 5) at 3.) Upon review, the court dismissed the complaint without prejudice based on Mr. Hudson's failure to state a claim for which relief could be granted and granted him leave to amend his complaint. (12/27/21 Order (Dkt. # 7) at 11.)

//

Mr. Hudson filed a timely amended complaint in which he alleges that Defendants violated rights secured by (1) TILA, 15 U.S.C. §§ 1601 *et seq.* (Am. Compl. ¶¶ 9-26); (2) the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 41 *et seq.* (Am. Compl. ¶¶ 27-45); (3) Article 3 of the Uniform Commercial Code ("UCC"), UCC § 3-101 *et seq.* (Am. Compl. ¶¶ 28-59); (4) the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* (Am. Compl. ¶¶ 60-73); and (5) the FDCPA, 15 U.S.C. §§ 1692 *et seq.* (Am. Compl. ¶¶ 74-80).  He seeks as relief an order from the court voiding Defendants' security interest in the vehicle he purchased from Northwest Motorsports; cancelling the loan balance; rescinding his consumer credit application; compelling "the return to Plaintiff" of "any and all money or property . . . in connection with the transaction"; enjoining Defendants from taking any steps to repossess Mr. Hudson's vehicle or reporting anything to credit rating agencies other than "paid on time in full complete pay off"; declaring that Mr. Hudson "has no duty to tender or, alternatively, determining the amount of any tender obligation; and awarding damages and fees.  (Am. Compl. at 29-31.)

### III.   ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines:  (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6).  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  The complaint therefore must allege facts that plausibly establish the

defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Because Mr. Hudson is a *pro se* plaintiff, the court must construe his pleadings liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

**A.     Mr. Hudson's Amended Complaint**

Mr. Hudson alleges causes of action under (1) TILA (Am. Compl. ¶¶ 9-26); (2) the FTCA, (*id.* ¶¶ 27-45); (3) UCC (*id.* ¶¶ 28-59); (4) RICO (*id.* ¶¶ 60-73); and (5) the FDCPA (*id.* ¶¶ 74-80). The court reviews each claim below.

1.     <u>Truth In Lending Act</u>

Mr. Hudson alleges that Northwest Motorsports violated TILA's disclosure requirements when it failed to make him aware of "certain charges imposed by [Northwest Motorsports] . . . incident to the extension of credit" in calculating the finance charge and, in turn, the "amount financed" and annual percentage rate ("APR"), resulting in figures that "under-disclosed" the true cost of the financing by a greater degree than TILA permits. (Am. Compl. ¶¶ 14-16.) Specifically, Mr. Hudson alleges that Northwest Motorsports improperly included a $3,000 downpayment[1]; $200 license fee; $202.50 fee for "Other Charges and Amounts Paid to Others on Your Behalf"; and $150 document service fee in the amount financed total when, because these charges were "imposed

---

[1] Mr. Hudson further alleges that the $3,000 downpayment "was not charged to all customers engaging in consumer credit transactions with" Northwest Motorsports. (Am. Compl. ¶ 14(A)(i) (citing 15 U.S.C. § 1662(2).) Section 1662(2) prohibits creditors from advertising "that a specified downpayment is required in connection with any extension of consumer credit, unless the creditor usually and customarily arranges downpayments in that amount." 15 U.S.C. § 1662(2). It is unclear whether Mr. Hudson intends to plead a claim under § 1662(2) but a single cursory and conclusory allegation, which does not even describe any advertising practices, does not suffice to state a plausible claim under that provision. *Iqbal*, 556 U.S. at 678. Any claim under 15 U.S.C. § 1662(2) is thus DISMISSED with prejudice.

. . . incident to the extension of credit," they should have been counted as finance charges. (*Id.* ¶ 14.) This led, he claims, to an improperly disclosed finance charge, amount financed, and APR. (*Id.*) As relief, he seeks damages and to rescind the transaction. (*Id.* ¶ 26.)

Mr. Hudson's claim for damages is time barred by TILA's requirement that such claims be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). He purchased his vehicle on February 25, 2019 and Northwest Motorsports's "failure to make the required disclosures [would have] occurred, if at all, at the time the [vehicle purchase] documents were signed" on February 25, 2019. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003); (*see also* Am. Compl. ¶ 1.) Accordingly, his claim for damages under TILA is DISMISSED with prejudice though his claim for rescission of the vehicle purchase may proceed.

    2.  Federal Trade Commission Act

The claim Mr. Hudson purports to bring under the FTCA fails at the outset because relief "under the Trade Commission Act must be afforded in the first instance by the commission." *Moore v. New York Cotton Exch.*, 270 U.S. 593, 603 (1926) (internal citation omitted); *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973) ("The protection against unfair trade practices afforded by the Act vests initial remedial power solely in the Federal Trade Commission."). Thus, the court lacks jurisdiction to entertain Mr. Hudson's claim that Defendants engaged in unfair methods of competition in violation of the FTCA or its implementing regulations. *Carlson*, 483 F.2d at 281.

//

1    Moreover, even if Mr. Hudson could proceed under the FTCA, his claim would
2    still fail for the simple fact that his allegation that Northwest Motorsports "created an
3    unfair or deceptive act by failing to attach" the disclosure required by 16 C.F.R.
4    § 433.2(a) & (b) is contradicted by the face of the retail installment sale contract he
5    signed and incorporates into his amended complaint, which contains the required notice.
6    (*Compare* Am. Compl. ¶ 32, *with* Default Mot. (Dkt. # 6) at 55 ("Exhibit A"); *see also*
7    Am. Compl. ¶ 2 (incorporating Exhibit A by reference).)  Courts "need not accept as true
8    allegations contradicting documents that are referenced in the complaint."  *Lazy Y Ranch*
9    *Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).  Thus, Mr. Hudson alleges no facts
10   that support this claim and it is DISMISSED with prejudice.

11        3.    Uniform Commercial Code § 3

12   The claim Mr. Hudson purports to bring under Article 3 of the UCC also fails.
13   (Am. Compl. ¶ 38).  Mr. Hudson appears to allege that, as a consequence of Northwest
14   Motorsports assigning his loan to Wells Fargo, he is no longer obligated to pay back the
15   loan.  (*Id.* ¶ 47.)  However, Mr. Hudson supports this claim, in part, with a legal theory
16   the court has previously rejected.  (*Compare* Am. Compl. ¶¶ 45, 51, *with* 12/27/21 Order
17   at 6-7 (rejecting argument that personal debts are the obligation of the United States).)
18   He also relies on allegations that are contradicted by his own exhibits (*compare* Am.
19   Compl. ¶ 58 (asserting that "Defendants have failed to provide an accurate and proper
20   copy of the note"), *with* Ex. U (Dkt. # 15) at 10-12 (signed copy of buyer's order
21   provided to Mr. Hudson by Wells Fargo), which the court need not accept as true in
22   evaluating his amended complaint, *see Lazy Y Ranch Ltd.*, 546 F.3d at 588.  Ultimately,

Mr. Hudson's claim also fails because, while he includes a great many legal conclusions, he fails to allege facts sufficient to raise his "right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Accordingly, his claim under Article 3 of the UCC is DISMISSED with prejudice.

    4.  <u>Racketeer Influence and Corrupt Organizations Act</u>

  Mr. Hudson's cause of action under RICO fails for the same reason it previously failed.  (*See* 12/27/21 Order at 4-5.)  He makes the conclusory assertion that Wells Fargo has used "extortionate means," including threatening repossession and reporting nonpayment to credit rating agencies, as well as mail and wire fraud "to collect a fraudulent debt" (Am. Compl. ¶ 70-72), but he alleges no facts that provide a basis for the court to "draw the reasonable inference" that Wells Fargo has engaged in criminal activity of any kind.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Accordingly, Mr. Hudson's RICO claim is DISMISSED with prejudice.

    5.  <u>Fair Debt Collection Practices Act</u>

  As before, Mr. Hudson's FDCPA claim fails because he alleges no facts that would allow the court to infer that Wells Fargo operates as a debt collector within the meaning of the FDCPA, as opposed to a creditor seeking to collect a debt for its own benefit.  (*See* Am. Compl. ¶ 74; 12/27/21 Order at 7-9.)  Although Mr. Hudson now asserts that Wells Fargo "is not the creditor, but fits the definition of a debt collector" (Am. Compl. ¶ 26), the court need not accept his legal conclusion as true and he otherwise fails to "plead[] factual content that allows the court to draw the reasonable inference that" Wells Fargo has acted as a debt collector, *Iqbal*, 556 U.S. at 678.  (*See*

1  *generally* Am. Compl.)  Indeed, the facts Mr. Hudson does allege show that Wells Fargo
2  is the assignee of the vehicle loan Mr. Hudson entered into with Northwest Motorsports
3  and that Wells Fargo now seeks to collect payment on that loan for its own benefit.  (*See*
4  *id.* ¶¶ 1-2, 7, 22(A).)  Because "[t]he FDCPA's definition of debt collector does not
5  include . . . any assignee of the debt," *Ronzone v. Aurora Loan Servs., LLC*, No.
6  C11-5025BHS, 2012 WL 502685, at *2 (W.D. Wash. Feb. 14, 2012), Mr. Hudson fails to
7  state a claim under the FDCPA.  Accordingly, Mr. Hudson's FDCPA claim is
8  DISMISSED with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Hudson's claims under the FTCA, UCC, RICO, FDCPA, and TILA's damages provisions for failure to state a claim under 28 U.S.C. § 1915(e) without leave to amend and with prejudice.  Mr. Hudson's claim for rescission under TILA of his vehicle purchase transaction may proceed.  The Clerk is DIRECTED to issue summonses.

Dated this 26th day of January, 2022.

JAMES L. ROBART
United States District Judge