UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS VERNON HUDSON,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CHARLES W. SCHARF, et al.,<br><br>　　　　　　　　Defendants. | CASE NO. C21-5827JLR<br><br>ORDER ON MOTION FOR<br>DEFAULT JUDGMENT |

Before the court is Plaintiff Douglas Vernon Hudson's motion for default judgment against Defendant Don Fleming. (Mot. (Dkt. # 27).) The court has reviewed Mr. Hudson's motion, the balance of the record, and the applicable law. Being fully advised, the court DENIES Mr. Hudson's motion for default judgment.

The Local Civil Rules provide specific requirements for a party seeking default judgment, and Mr. Hudson has not satisfied those requirements. *See* Local Rules W.D. Wash. LCR 55. Local Rule 55(b)(1) states: "No motion for judgment by default should be filed against any party unless the court has previously granted a motion for default

ORDER - 1

against that party pursuant to LCR 55(a) or unless default otherwise has been entered." Local Rules W.D. Wash. LCR 55(b)(1). Thus, before the court can consider Mr. Hudson's motion for default judgment, he must file—and the court must grant—a motion for default. *See id.* These steps have not yet occurred. (*See* Dkt.).

Further, as the Ninth Circuit Court of Appeals has stated, Federal Rule of Civil Procedure 55 also requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); *see also Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment); *Norman v. Small*, No. 09cv2235 WQH, 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (denying the plaintiff's motion for default judgment and explaining that "[f]irst, the clerk must enter a party's default, then, provided certain conditions are met, a court may enter a default judgment").

Accordingly, the court DENIES Mr. Hudson's motion for default judgment (Dkt. # 27) without prejudice to seeking default judgment in accordance with the Local Civil Rules and the Federal Rules of Civil Procedure.

Dated this 2nd day of March, 2022.

JAMES L. ROBART
United States District Judge