1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| DOUGLAS VERNON HUDSON, | CASE NO. C21-5827JLR |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CHARLES W. SCHARF, et al., | |
| Defendants. | |

Before the court is Plaintiff Douglas Vernon Hudson's motion for a certificate of default against "defendant Northwest Motorsports LLC II" ("Northwest Motorsports"). (Mot. (Dkt. # 30) at 4.)  Rule 55(a) provides that the Clerk shall enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a); *see also* Local Rules W.D. Wash. LCR 55(a).

As relevant here, Mr. Hudson has not named Northwest Motorsports as a defendant in this action; rather, he has only sued Don Fleming. (*See* Am. Compl. (Dkt.

ORDER - 1

1 | # 9) at 2 (naming "Don Fleming, acting as CEO for Northwest Motorsports," as a
2 | defendant); *see also* Summons (Dkt. # 19) (returning summons for "Don Fleming, for
3 | Northwest Motorsports Inc II").) Thus, and notwithstanding the fact that Mr. Hudson
4 | apparently served Northwest Motorsports with a copy of the summons and complaint (*see*
5 | POS (Dkt. # 20); Mot. at 2),[1] Northwest Motorsports is not "a party against whom a
6 | judgment for affirmative relief is sought," Fed. R. Civ. P. 55(a). (*See* Am. Compl. at 2.)
7 | Accordingly, an order of default against Northwest Motorsports is inappropriate.

Although Mr. Hudson is proceeding in this matter *pro se*, he "is not excused from knowing the most basic pleading requirements," including correctly naming the parties he wishes to sue. *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000), *as amended on denial of reh'g* (Nov. 1, 2000). He is not without recourse, however, and can amend his complaint further to name any individuals or entities he wishes to sue that are not specifically named in his amended complaint. *See* Fed. R. Civ. P. 15(a)(1)(B); Fed. R. Civ. P. 15(a)(2) (permitting amended "with the opposing party's written consent or the court's leave").

For the foregoing reasons, Mr. Hudson's motion for a certificate of default (Dkt. # 30) is DENIED.

//

//

---

[1] It does not appear from the record that Mr. Hudson has served Mr. Fleming. (*See* POS.) If Mr. Hudson "is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Dated this 7th day of March, 2022.

JAMES L. ROBART
United States District Judge

ORDER - 3