UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOUGLAS VERNON HUDSON, | CASE NO. C21-5827JLR |
| Plaintiff, | ORDER |
| v. | |
| CHARLES W. SCHARF, et al., | |
| Defendants. | |

Before the court is Defendant Charles W. Scharf's motion for relief from its March 28, 2022 deadline for responding to Plaintiff Douglas Vernon Hudson's amended complaint. (Mot. (Dkt. # 36).) Mr. Scharf requests an eleven-day extension to April 8, 2022 to respond to Mr. Hudson's amended complaint. (*Id.* at 3.)

Federal Rule of Civil Procedure 6 allows the court to extend a deadline for good cause shown and to do so "without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). In the event of an "unforeseen emergency . . . that prevents a party from meeting a

ORDER - 1

deadline," the local rules direct the party in need of an extension to contact their opposing counsel, "meet and confer regarding an extension, and file a stipulation and proposed order with the court."  Local Rules W.D. Wash. LCR 7(j).  The court expects that "the parties will stipulate to an extension" in the event of such an unforeseen emergency.  (*See id.*)

This is Mr. Scharf's second request for an extension of his deadline to respond to Mr. Hudson's amended complaint.  (*See* 3/1/22 Order (Dkt. # 28) at 3 (extending Mr. Scharf's deadline to March 28, 2022).)  Counsel for Mr. Scharf represents that good cause for this extension exists because:  (1) his counsel experienced computer issues on March 28, 2022, which resulted in the loss of his responsive pleading; and (2) the requested extension will not interfere with other existing case deadlines or obligations.  (*See* Mot. at 2.)  Mr. Scharf's counsel does not indicate whether she conferred with Mr. Hudson about a stipulation before filing the instant motion, which is noted for April 8, 2022.  (*See generally* Mot.)  The court expects that the parties will attempt to reach a stipulation on last-minute extension requests of this type before seeking relief through an adversarial motion.  *See* Local Rules W.D. Wash. LCR 7(j) (noting the court's expectation that parties will stipulate to reasonable requests for extensions necessitated by unforeseen events).

Nevertheless, the court finds that good cause exists here for a one-week extension to Mr. Scharf's deadline for responding to the complaint.[1]  Moreover, because Mr. Scharf

---

[1] Although Mr. Scharf seeks an extension to April 8, 2022, he also indicated in his motion that "an additional week to respond" would be sufficient.  (*See* Mot. at 1.)

requested an extension before the March 28, 2022 deadline expired, the court need not wait for a response from Mr. Hudson. *See* Fed. R. Civ. P. 6(b)(1)(A). Mr. Hudson will not suffer prejudice from the motion being decided before it notes or by the court allowing Mr. Scharf a further, short extension.

Accordingly, the court GRANTS Mr. Scharf's motion for an extension (Dkt. # 28). Mr. Scharf must respond to Mr. Hudson's amended complaint by **April 4, 2022**. The court is unlikely to grant further extension requests.

Dated this 29th day of March, 2022.

JAMES L. ROBART
United States District Judge