1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

| DOUGLAS VERNON HUDSON, | CASE NO. C21-5827JLR |
| Plaintiff, | ORDER |
| v. | |
| CHARLES W. SCHARF, et al., | |
| Defendant. | |

## I.   INTRODUCTION

15

16   Before the court is Defendant Charles W. Scharf's motion to dismiss *pro se*

17   Plaintiff Douglas Vernon Hudson's amended complaint.  (Mot. (Dkt. # 38); Am. Compl.

18   (Dkt. # 9).)  Mr. Hudson opposes dismissal.  (Resp. (Dkt. # 39).)  Mr. Scharf has also

19   moved to stay all discovery deadlines until the court has ruled on his motion to dismiss.

20   (Stay Mot. (Dkt. # 42); *see also id.* ¶ 8 (indicating that Defendant Don Fleming does not

21   object to the motion).)  Mr. Hudson opposes staying or extending the discovery

22   deadlines.  (*See id.* ¶ 6.)  The court has considered the parties' submissions, the relevant

1  portions of the record, and the applicable law.  Being fully advised,[1] the court GRANTS

2  Mr. Scharf's motion to dismiss and DENIES his motion to stay or extend discovery

3  deadlines as moot.

## II.   BACKGROUND

5  The court has previously described the background for this matter, which arises

6  out of Mr. Hudson's purchase of a vehicle from Northwest Motorsports, Inc. ("Northwest

7  Motorsports") on February 25, 2019.  (*See* 1/26/22 Order (Dkt. # 18) at 2-3; Am. Comp.

8  ¶ 1.)  After reviewing Mr. Hudson's amended complaint pursuant to 28 U.S.C. § 1915(e),

9  the court dismissed all of Mr. Hudson's claims with prejudice, except a claim that he

10  brought under the Truth In Lending Act ("TILA") for rescission of his vehicle purchase.

11  (1/26/22 Order at 8; Am. Compl. ¶¶ 9-26.)

## III.   ANALYSIS

13  Mr. Scharf brings this motion pursuant to Federal Rule of Civil Procedure

14  12(b)(6).  (Mot. at 3-4.)  He asserts that Mr. Hudson's TILA claim fails, to the extent it is

15  stated against him in his individual capacity, because Mr. Hudson does not allege any

16  involvement by Mr. Scharf in the at-issue vehicle purchase.  (*Id.* at 4-5.)  Mr. Scharf

17  further argues that, to the extent Mr. Hudson intended to state the claim against Wells

18  Fargo Bank, N.A. or Wells Fargo Auto (collectively, "Wells Fargo"), the claim fails

19  because the provision of TILA under which Mr. Hudson seeks rescission does not apply

20  to automobile loans and, even if it did, Mr. Hudson failed to execute a valid rescission

21

22  [1] No party requests oral argument (*see* Mot. at 1; Resp. at 1), which the court concludes would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

1   notice.  (*Id.* at 5-7.)  After describing the applicable legal standard on a motion to dismiss,

2   the court considers whether any of Mr. Scharf's arguments warrant dismissal of Mr.

3   Hudson's TILA claim.

4   **A.     Legal Standard**

5          Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint

6   "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The

7   court construes the complaint in the light most favorable to the nonmoving party.  *Livid*

8   *Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).  "To

9   survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

10  as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

11  U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A

12  claim has facial plausibility when the plaintiff pleads factual content that allows the court

13  to draw the reasonable inference that the defendant is liable for the misconduct alleged."

14  *Id.*  Additionally, the court must exercise its authority to dismiss a claim filed by a litigant

15  proceeding *in forma pauperis* ("IFP"), if it determines "at any time" that the action fails

16  to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(B).  Because Mr. Hudson is a *pro se*

17  plaintiff, the court must construe his pleadings liberally.  *See Hebbe v. Pliler*, 627 F.3d

18  338, 342 (9th Cir. 2010).

19  **B.     Mr. Hudson's TILA Claim**

20         Mr. Hudson contends that his rights under TILA were violated in various ways in

21  the course of his vehicle purchase from Northwest Motorsports and he thus seeks to

22  rescind that transaction.  (*See* Am. Compl. ¶ 11 (first citing 15 U.S.C. § 1635; and then

1   citing 12 C.F.R. § 1026.23 ("Regulation Z").)  Mr. Scharf argues that Mr. Hudson has

2   failed to state a TILA claim against him in his individual capacity because he alleges no

3   facts showing any involvement, let alone wrongdoing, by Mr. Scharf in the at-issue

4   vehicle purchase.  (Mot. at 4-5.)  Mr. Scharf additionally argues that Mr. Hudson fails to

5   state a TILA claim against Wells Fargo because he seeks relief under a provision of

6   TILA that does not apply to automobile loans and, even if it did, Mr. Hudson failed to

7   execute a valid rescission notice.  (*Id.* at 5-7.)

8       TILA provides that, with certain exceptions, "in the case of any consumer credit

9   transaction . . . in which a security interest . . . is or will be retained or acquired in any

10  property which is used as the principal dwelling of the person to whom credit is extended,

11  the obligor shall have the right to rescind the transaction."  15 U.S.C. § 1635(a); *see also*

12  *id.* § 1635(e) (excluding certain transactions).  Regulation Z, which was promulgated to

13  implement TILA, likewise provides that, with certain exceptions, "[i]n a credit

14  transaction in which a security interest is or will be retained or acquired in a consumer's

15  principal dwelling, each consumer whose ownership interest is or will be subject to the

16  security interest shall have the right to rescind the transaction."  12 C.F.R.

17  § 1026.23(a)(1); *see also id.* § 1026.23(f) (exempting certain transactions).

18      Mr. Hudson alleges that he purchased a vehicle from Northwest Motorsports

19  through a financing arrangement and, "[a]s part of this transaction [Northwest

20  Motorsports] retained a security interest in . . . a private automobile."  (*See* Am. Compl.

21  ¶ 3.)  As is clear from TILA's text, however, that statute applies only to consumer credit

22  transactions where the creditor obtains an interest in the consumer's "principal dwelling."

1  *See* 15 U.S.C. § 1635(a).  Thus, while it "protect[s] consumers whose residences are

2  jeopardized by operation of all types of security interests acquired by creditors," *N. C.*

3  *Freed Co. v. Bd. of Governors of Fed. Rsrv. Sys.*, 473 F.2d 1210, 1216 (2d Cir. 1973), it

4  provides no right of rescission where a security interest is taken in an automobile.

5        Mr. Hudson argues that the language of section 1635(a) merely "expounds on

6  when conditions are met" for rescission but does not "disqualify all other claims" for that

7  relief.  (*See* Resp. at 2.)  Thus, Mr. Hudson seems to argue, if Congress wished to exclude

8  vehicle financing arrangements like his from TILA's protections, they would have

9  included such transactions in section 1635(e).  (*See id.*)  Although the court understands

10  the appeal of that argument for Mr. Hudson, it misreads TILA's text and structure.

11  Section 1635(e) creates exceptions to the rescission right established in section 1635(a)

12  and focuses on those transactions in which a creditor might take a security interest in the

13  consumer's home—like a residential mortgage—because those are the only transactions

14  otherwise eligible for rescission under section 1635(a).  *See* 15 U.S.C. §§ 1635(a), (e);

15  *see also* 12 C.F.R. §§ 1026.23(a)(1), (f); *Zakarian v. Option One Mortg. Corp.*, 642 F.

16  Supp. 2d 1206, 1213 (D. Haw. 2009) ("The right to rescind does not arise in all credit

17  transactions in which a security interest in the consumer's principal residence is

18  granted.").  Mr. Hudson would have the court construe section 1635(e)'s limitation on

19  when consumers can back out of an arrangement that puts their home at risk as permitting

20  rescission for any and all credit transactions under section 1635(a).  (*See* Resp. at 2.)

21  Nothing in TILA's text or structure suggests that is a plausible reading.

22  //

1    Because the consumer transaction Mr. Hudson seeks to rescind is a vehicle

2    purchase that does not have any alleged connection to his principal dwelling, he cannot

3    state a claim for relief under section 1635 of TILA or its implementing regulations.

4    Accordingly, the court GRANTS Mr. Scharf's motion to dismiss without addressing his

5    remaining arguments concerning the capacity in which he is sued or the sufficiency of

6    Mr. Hudson's rescission notice.  (*See* Mot. at 4-5, 6-7.)

7    Although Mr. Scharf's motion to dismiss does not note until April 29, 2022 (*see*

8    Mot. at 1), the court has determined, after considering Mr. Hudson's response, that the

9    amended complaint fails to state a plausible claim for relief under TILA.[2]  Accordingly,

10   the court exercises its authority under 28 U.S.C. § 1915(e) to dismiss this claim without

11   waiting for Mr. Scharf's motion to note.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring the

12   court "to dismiss the case at any time" upon a determination that a claim brought by a

13   plaintiff proceeding IFP "fails to state a claim on which relief may be granted").  Further,

14   because Mr. Hudson has failed to state a claim under TILA for reasons that apply with

15   equal force to Mr. Scharf and Defendant Don Fleming, the claim is DISMISSED as to

16   both defendants.  *See id.*

17   Finally, given the inapplicability of TILA to the conduct at issue in Mr. Hudson's

18   amended complaint, further amendment of Mr. Hudson's TILA claim would be futile.

19   Thus, the court DISMISSES that claim with prejudice and without leave to amend.  *See*

20   *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041 (9th Cir. 2015).

21

22   [2] Mr. Hudson's claim for rescission under TILA was the only claim that that survived the court's prior section 1915(e) review of his amended complaint.  (*See* 1/26/22 Order at 8.)

1 | **C.     Mr. Scharf's Motion to Stay Discovery**

2       Mr. Scharf has also moved to stay discovery in this matter pending the court's

3 decision on his motion to dismiss.  (*See* Stay Mot. at 1.)  Because this order dismisses

4 Mr. Hudson's only claim, *see supra* Section III.B, the pending discovery-related

5 deadlines are inapplicable.  Accordingly, Mr. Scharf's motion to stay or extend discovery

6 deadlines in this matter is DENIED as moot.

7 | **IV.     CONCLUSION**

8       For the foregoing reasons, Mr. Scharf's motion to dismiss (Dkt. # 38) is

9 GRANTED.  The court DISMISSES Mr. Hudson's claim for rescission under TILA with

10 prejudice and does so as to both Mr. Scharf and Mr. Fleming pursuant to its authority

11 under 28 U.S.C. § 1915(e).  Mr. Scharf's motion to stay or extend the discovery deadlines

12 (Dkt. # 42) is DENIED as moot.  The court DIRECTS the Clerk to close this case.

13       Dated this 25th day of April, 2022.

14

15 _____

16 JAMES L. ROBART
United States District Judge

ORDER - 7